## UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **RONALD W. YORK** | : | **Case Number** |
| **Plaintiff** | : | |
| | : | |
| **vs.** | : | **CIVIL COMPLAINT** |
| | : | |
| **NATIONAL ENTERPRISE** | : | |
| **SYSTEMS, INC** | : | |
| **Defendant** | : | **JURY TRIAL DEMANDED** |
| | : | |

## COMPLAINT AND JURY DEMAND

**COMES NOW,** Plaintiff, Ronald W. York, by and through his undersigned counsel, Brent F. Vullings, Esquire of Vullings Law Group, LLC, complaining of Defendant, and respectfully avers as follows:

## I.   INTRODUCTORY STATEMENT

1.      Plaintiff, Ronald W. York, is an adult natural person and he brings this action for actual and statutory damages and other relief against Defendant for violations to the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 et seq. ("FDCPA"), the Pennsylvania Fair Credit Extension Uniformity Act ("FCEUA," 73 Pa. C.S. § 2270.1 et seq.), and the Pennsylvania Consumer Protection Law ("UTPCPL"), 73 Pa. C.S. § 201-1 et seq., as well as Invasion Of Privacy By Intrusion Upon Seclusion.

## II.   JURISDICTION

2.      Jurisdiction of this court arises under 15. U.S.C. § 1692k(d) and 28 U.S.C. §1337.

1

3.      Venue in this District is proper in that the Plaintiff resides n in this District.

### III.   PARTIES

4.      Plaintiff, Ronald W. York, is an adult natural person residing at 261 Valley Road, Warminster, Pennsylvania 18974.  At all times material and relevant hereto, Plaintiff is a "consumer" as defined by the FDCPA, 15 U.S.C. § 1692a (3).

5.      Defendant, National Enterprise Systems, Inc. ("Defendant"), at all times relevant hereto, is and was a corporation engaged in the business of collecting debt within the state of Ohio and the Commonwealth of Pennsylvania with a principal place of business located at 29125 Solon Road, Solon, Ohio 44139.

6.      Defendant is engaged in the collection of debts from consumers using the telephone and mail.  Defendant is a "debt collector" as defined by the FDCPA, 15 U.S.C. §1692a(6).

### IV.   FACTUAL ALLEGATIONS

7.      Within the last several months, the Plaintiff has been receiving constant and continuous harassing calls from Defendant, intruding upon his solitude and demanding payment on an alleged past due debt said to be owed by the Plaintiff as a cosignor on the account to National Collegiate Trust.

8.      In or around September 2014, Plaintiff paid $201.66 toward the balance of this account.

9.      At the end of December 2014, National Collegiate Trust was reporting to the credit bureaus that the balance of this alleged account was $24,483.00.

10. On or about January 14, 2015, Plaintiff received correspondence from Defendant demanding $25,370.64 which was nearly $900.00 more than just 2 weeks earlier.

11. On or about January 19, 2015, Plaintiff called Defendant in response to this correspondence.

12. During the ensuing oppressive phone call, Plaintiff requested a monthly payment plan with Defendant.

13. Plaintiff was advised that Defendant could not accept monthly payments but rather needed to settle the alleged debt for a lump sum payment of $20,090.00.

14. Defendant further harassed Plaintiff by advising him that Defendant would be relentless in their efforts to collect on this alleged debt if he did not pay as demanded.

15. In desperation, Plaintiff stated that he would speak with his financial advisor and see how much money he could access to pay toward the alleged debt.

16. On or about January 22, 2015, Plaintiff met with his financial advisor under duress from Defendant.

17. On or about the same day, as soon as Plaintiff returned home from this meeting with his financial advisor, Defendant called Plaintiff asking if he had spoken with his financial advisor yet.

18. Plaintiff advised Defendant that he had met with his financial advisor, but that even if he used his investments to pay off the alleged debt, any money from his investments could not be accessed by him for one week.

19.     Defendant demanded a bank account number and routing number, stating Defendant would post date an electronic check for when the money was in Plaintiff's account.

20.     Plaintiff advised Defendant that he would need to speak with his financial advisor again to get a clearer picture of how much money he had available before agreeing to such a check.

21.     Defendant demanded to know when Plaintiff would speak with his financial advisor again, stating that Plaintiff's account would "go somewhere else" by the end of the month if he didn't pay.

22.     On or about January 23, 2015, Plaintiff called Defendant and again requested a monthly payment plan once he learned that he did not have $20,090.00 available in his investments.

23.     Defendant was transferred to a supervisor named "Latasha Cohen."

24.     "Latasha Cohen" offered Plaintiff a payment plan after Defendant previously advised Plaintiff that such an arrangement was not possible.

25.     "Latasha" proposed a $6,000 down payment followed by $100 per month for two years.

26.     Plaintiff advised "Latasha" that he wasn't sure he had $6,000 to put down.

27.     "Latasha" demanded Plaintiff look into getting a $6,000 loan to pay the requested down payment toward the alleged debt.

28.     Plaintiff advised "Latasha" that he could not afford to repay a $6,000 loan.

29.     "Latasha" advised Plaintiff that the sooner he could come up with $6,000, the sooner she could stop her collection efforts on this alleged debt.

30.     Despite trying to force the Plainitff to immediately come up with $20,090.00 and telling him they could not accept monthly payments just a couple days earlier, the Defendant's agent was willing to accept just $8,400.00 to settle the account between the lump sum and monthly payments.

31.     The Defendant acted and continues to act in a false, deceptive, misleading and unfair manner when they engaged in conduct the natural consequence of which is to harass, oppress or abuse such person in connection with the collection of a debt.

32.     The Defendant knew or should have known that their actions violated the FDCPA.  Additionally, Defendant could have taken the steps necessary to bring their and their agent's actions within compliance of the FDCPA, but neglected to do so and failed to adequately review those actions to insure compliance with the law.

33.     At all times pertinent hereto, Defendant was acting by and through its agents, servants and/or employees, who were acting within the scope and course of their employment, and under the direct supervision and control of Defendant herein.

34.     At all times pertinent hereto, the conduct of Defendant as well as its agents, servants and/or employees, was malicious, intentional, willful, reckless, negligent and in wanton disregard for federal and state law and the rights of the Plaintiffs herein.

35.     As a result of Defendant's conduct, Plaintiff has sustained actual damages, including, but not limited to, injury to Plaintiff's reputation, invasion of privacy, damage to Plaintiff's credit, out-of-pocket expenses, physical, emotional and mental pain and anguish and pecuniary loss and she will continue to suffer same for an indefinite time in the future, all to her great detriment and loss.

## COUNT I - FDCPA

36.     The above paragraphs are hereby incorporated herein by reference.

37.     At all times relevant hereto, Defendant was attempting to collect an alleged debt which was incurred by Plaintiff for personal, family or household purposes and is a "debt" defined by 15 U.S.C. § 1692a(5).

38.     The foregoing acts and omissions constitute violations of the FDCPA, including, but not limited to, violations of:

§§ 1692d:          Any conduct the natural consequence of which is to harass, oppress or abuse any person

§§ 1692d(5):       Caused the phone to ring or engaged any person in telephone conversations repeatedly

§§ 1692(e)         Any other false, deceptive or misleading representation or means in connection with debt collection

§§ 1692e(10)       Any false representation or deceptive means to collect a debt

§§ 1692f           Any unfair or unconscionable means to collect or attempt to collect the alleged debt

§§ 1692f(1)        Attempted to collect any amount not authorized by the agreement creating the debt or permitted by law.

**WHEREFORE**, Plaintiff respectfully prays that judgment be entered against the Defendant, National Enterprise Systems, Inc., for the following:

a.      Actual damages;

b.      Statutory damages pursuant to 15 U.S.C. § 1692k;

c.      Reasonable attorney's fees and litigation expenses, plus costs of suit;

d.      Such addition and further relief as may be appropriate or that the interests of justice require.

## COUNT II - VIOLATIONS OF PENNSYLVANIA FAIR CREDIT EXTENSION UNIFORMITY ACT- (FCEUA, 73 Pa. C.S. § 2270.1 et seq.)

39.      Plaintiff incorporates the foregoing paragraphs as though the same were set forth at length herein.

40.      The collection of a debt in Pennsylvania is proscribed by the Fair Credit Extension Uniformity Act at 73 Pa. C.S. § 2270.1 et seq., ("FCEUA") and the Pennsylvania Unfair Trade Practices and Consumer Protection Law 73 Pa. C.S 201-1 et seq. ("UTPCPL"). Defendant Community is a debt collectors pursuant to 73 Pa. C.S. § 2270.3.

41.      The alleged debt Defendants were attempting to collect is a debt as defined by 73 Pa. C.S. § 2270.3.

42.      The FCEUA proscribes, inter alia, engaging in any false, misleading or deceptive representations when attempting to collect a consumer debt.

43.      The actions of Defendants, as aforesaid, constitute false, misleading or deceptive representations.

44.      Violations of the FDCPA are a per se violation of the FCEUA and the UTPCPL.

45.      As a direct and proximate result of the said actions, Plaintiff has suffered financial harm.

7

46.     By virtue of the violations of the law as aforesaid, and pursuant to the FCEUA and UTPCPL, Plaintiff is entitled to an award of actual damages, treble damages, attorney's fee and costs of suit.

**WHEREFORE**, Plaintiff prays this Honorable Court enter judgment in their favor and against Defendants, and Order the following relief:

a.     Actual damages;

b.     Treble damages;

c.     An award of reasonable attorneys fees and expenses and costs of court; and

d.     Such additional relief as is deemed just and proper, or that the interests of justice require.

## COUNT III - VIOLATIONS OF PENNSYLVANIA
## CONSUMER PROTECTION LAW ("UTPCPL"), 73 Pa. C.S. § 201-1 et seq.

47.     Plaintiff incorporates the foregoing paragraphs as though the same were set forth at length herein.

48.     Plaintiff and Defendants are "Persons" to 73 Pa. C.S § 201-2.

49.     The UTPCPL prescribes, inter alia, engaging in any "unfair or deceptive acts or practices", either at, and prior to or subsequent to a consumer transaction.

50.     The actions of the Defendants, as aforesaid, constitute unfair acts or practices under the UTPCPL, by way of the following, inter alia:

a.     Defendants misrepresented to Plaintiff the character, extent or amount of the debt or its status in a legal proceeding, 73 Pa. C.S. § 201-3.1;

b.      Defendants engaged in deceptive or fraudulent conduct which created a likelihood of confusion or of misunderstanding, 73 Pa. C.S. § 201-2(xxi);

c.      Defendants failed to comply with the FDCPA and FCEUA which are per se violations of the UTPCPL.

51.     As a direct and proximate result of the said actions, Plaintiff has suffered financial damages and other harm.

52.     By virtue of the violations of law aforesaid and pursuant to the UTPCPL, Plaintiff is entitled to an award of actual damages, treble damages, attorney's fees and costs of suit.

**WHEREFORE** Plaintiff prays this Honorable Court enter judgment in their favor and against Defendants, and Order the following relief:

a.      An Order declaring that Defendants violated the UTPCPL;

b.      Actual damages;

c.      Treble damages;

d.      An award of reasonable attorney's fees and expenses and cost of suit; and

e.      Such additional relief as is deemed just and proper, or that the interest of justice may require.

## COUNT IV - INVASION OF PRIVACY BY INTRUSION UPON SECLUSION

53.     The above paragraphs are hereby incorporated herein by reference.

54.     The Restatement of Torts, Second, § 652(b) defines intrusion upon seclusion as, "One who intentionally intrudes…upon the solitude or seclusion of another,

or his private affairs or concerns, is subject to liability to the other for invasion of privacy, if the intrusion would be highly offensive to a reasonable person."

55.     Pennsylvania recognizes Plaintiff's rights to be free from invasions of privacy, thus Defendant violated Pennsylvania law.

56.     Defendant intentionally intruded upon Plaintiff's right to privacy to be continually harassing Plaintiff with frequent telephone calls, abusing Plaintiff.

57.     The telephone calls made by Defendant to Plaintiff was so persistent and repeated with such frequency as to be considered, "hounding the Plaintiff," and "a substantial burden to her existence," thus satisfying the Restatement of Torts, Second, § 652(b) requirement for an invasion of privacy.

58.     The conduct of Defendant in engaging in the illegal collection activities resulted in multiple invasions of privacy in such a way as would be considered highly offensive to a reasonable person.

59.     As a result of the intrusions and invasions, Plaintiff is entitled to actual damages in an amount to be determined at trial from Defendant.

60.     Defendant's acts were reckless, willful, and intentional and/or were done with knowledge of their harmful effects towards Plaintiff and as such Defendant is subject to punitive damages.

**WHEREFORE**, Plaintiff respectfully prays that judgment be entered against the Defendant for the following:

a.     Actual damages from Defendant for all the damage including emotional distress suffered as a result of the intentional, reckless, and/or negligent

FDCPA violations and intentional, reckless, and/or negligent invasions of privacy in an amount to be determined at trial for Plaintiff;

b.      Reasonable attorney's fees and litigation expenses, plus costs of suit;

c.      Such additional and further relief as may be appropriate or that the interests of justice require.

## V.      JURY DEMAND

Plaintiff hereby demands a jury trial as to all issues herein.

Respectfully submitted,

**VULLINGS LAW GROUP, LLC**

**Date: January 23, 2015**           BY: */s/Brent F. Vullings bfv8435*
                                         Brent F. Vullings, Esquire
                                         Vullings Law Group, LLC
                                         3953 Ridge Pike
                                         Suite 102
                                         Collegeville, PA 19426
                                         P: 610-489-6060
                                         F: 610-489-1997
                                         Attorney for Plaintiffs
                                         bvullings@vullingslaw.com